[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-12270
Non-Argument Calendar
_____

D.C. Docket No. 0:14-cv-60922-JIC


RAYMOND ANTHONY HANNA,

Plaintiff-Appellant,

versus

STATE OF FLORIDA,
CARLOS REBOLLO,
MARK SPIESER,
PERRY THURSTON,
DAVID MAX, et al.,

Defendants-Appellees.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 30, 2015)

Before TJOFLAT, WILSON and JILL PRYOR, Circuit Judges.

PER CURIAM:

Raymond Anthony Hanna appeals *pro se* from the district court's *sua sponte* dismissal of his case for noncompliance with the court's order to show cause why the case should not be closed for Hanna's failure to pay the filing fee, move to proceed *in forma pauperis*, or otherwise demonstrate why he should not be required to pay the fee. On appeal, Hanna appears to challenge the district court's order closing the case and denying his motion for the appointment of counsel.

We review the dismissal of a lawsuit for failure to comply with the rules of the court for an abuse of discretion. *Betty K Agencies, Ltd. v. M/V MONADA*, 432 F.3d 1333, 1337 (11th Cir. 2005). Under the Federal Rules of Civil Procedure, a court may dismiss a case when the plaintiff fails to comply with procedural rules or a court order. Fed. R. Civ. P. 41(b). A federal district court has the inherent power to dismiss a case *sua sponte* under Rule 41(b). *Chambers v. NASCO, Inc.*, 501 U.S. 32, 48–49, 111 S.Ct. 2123 (1991). Although we liberally construe *pro se* pleadings, *pro se* litigants are nonetheless required to conform their pleadings to procedural rules. *Albra v. Advan, Inc.*, 490 F.3d 826, 829 (11th Cir. 2007).

Hanna filed a lawsuit against the State of Florida and eight individual defendants alleging deprivations of various constitutional rights in violation of 42 U.S.C. § 1983. He moved for an order appointing counsel pursuant to 28 U.S.C. §

2

1915(e)(1). Because Hanna had neither paid the filing fee nor moved to proceed *in forma pauperis*, the district court issued an order for Hanna to show cause why the case should not be closed. The order stated that

> by **May 9, 2014**, Plaintiff shall **SHOW CAUSE** why the Court should not close this case due to Plaintiff's failure to pay the filing fee. Instead of filing a show-cause response, Plaintiff may pay the filing fee or submit a motion to proceed *in forma pauperis* by **May 9, 2014**. . . . Should Plaintiff fail to meet the May 9, 2014, deadline, the Court will close this case.

Order to Show Cause, Apr. 24, 2014 (DE 6).

On April 28, 2014, Hanna filed a "Motion to Show Cause File Response for Fee's and Cost," which the district court construed as a response to the show-cause order. The largely unintelligible motion provided no explanation for Hanna's failure to pay the filing fee. The next day the district court closed the case. A week after the case was closed, Hanna moved in the district court to proceed *in forma pauperis*. Before any action was taken on the motion, Hanna filed a notice of appeal.

Upon review of the record and consideration of Hanna's brief, we affirm. In the show-cause order, the district court provided Hanna with three options: show cause why the case should not be dismissed, pay the filing fee, or submit a motion to proceed *in forma pauperis*. Hanna elected to pursue the first option. But because his response failed to show cause why his case should not be dismissed, the district court acted within its discretion by closing the case. *See Betty K*

3

*Agencies*, 432 F.3d at 1337; Fed.R.Civ.P. 41(b).  Once the court decided to close the case, it properly denied Hanna's motion for the appointment of counsel as moot because the case was no longer pending.[1]  Accordingly, we affirm.

   **AFFIRMED.**

---

[1] Hanna's motion to proceed *in forma pauperis*, filed after the district court closed the case, has not been ruled upon and thus is not before us on appeal.